UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CATHERINE P.,

          Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C21-5484-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. Plaintiff contends the ALJ erred by (1) rejecting her testimony, (2) failing to account for her visual limitations and absences due to medical appointments in the residual functional capacity ("RFC") assessment, and (3) finding she can perform past relevant work. Dkt. 16 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 55 years old, has a high school education, and has worked as a tiles salesperson/office clerk, executive assistant, and customer service representative. Tr. 49, 55, 184. On December 5, 2018, she applied for benefits, alleging disability as of April 14, 2017. Tr. 14, 154–55. Her application was denied initially and on reconsideration. Tr. 55–76. The ALJ

conducted a hearing on September 1, 2020, and subsequently issued a decision finding Plaintiff not disabled. Tr. 14–24, 29–54.

In relevant part, the ALJ found Plaintiff had severe impairments of diabetes mellitus with retinopathy and neuropathy, hypertension, and hypothyroidism. Tr. 16. The ALJ found Plaintiff had the RFC to perform sedentary work with additional postural limitations. Tr. 18. The ALJ found Plaintiff could not be exposed to unprotected heights or dangerous moving mechanical parts. *Id.* The ALJ concluded Plaintiff was not disabled because she could perform past relevant work as an executive assistant and customer service representative. Tr. 21. The Appeals Council denied review making the ALJ's decision the Commissioner's final decision. Tr. 2–4.

## DISCUSSION

### A. Plaintiff's Testimony

Plaintiff contends the ALJ erroneously rejected her testimony. Dkt. 16 at 16–18. Plaintiff testified she stopped working because she was missing too much work for her medical appointments. Tr. 34–35. She testified she has blind spots, floaters, flashes, and a blurry quality to her central vision. Tr. 36, 40. She testified it is difficult to make out letters and numbers due to her vision problems. Tr. 36. She testified she does not have a driving restriction, but limits her driving because she does not trust her eyesight. *Id.* She does not drive at night or in the rain. Tr. 36, 193. Plaintiff testified she has chronic pain and fatigue that make it difficult to concentrate, stand, and walk. Tr. 37, 39, 192.

Because the ALJ found Plaintiff presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and no affirmative evidence of malingering, the ALJ was required to provide "specific, clear, and convincing" reasons

supported by substantial evidence to discount Plaintiff's testimony as to symptom severity. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The primary dispute focuses on the ALJ's rejection of Plaintiff's testimony regarding the severity of her visual impairments. The ALJ rejected Plaintiff's testimony on the grounds Plaintiff "retained significant visual acuity." Tr. 20. The ALJ erred in relying on this reasoning. The ALJ focused on several findings showing Plaintiff's visual acuity was in the range of 20/20 to 20/70. Tr. 20–21, 457, 471, 516, 524. But records from the same time (and often even the same appointments) showed Plaintiff had abnormalities in her eyes, including scattered dot/blot hemorrhages and macular edema. Tr. 302, 305, 309, 314, 317, 320, 323, 326, 328, 330, 334, 384, 388, 393, 458, 461, 464, 469, 474, 479, 483. Absent some medical expertise, which the ALJ does not have, there is no basis to conclude these medical records contradict Plaintiff's claims of impaired vision due to blind spots, floaters, flashes, and blurry vision. *Cf. Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (*cited with approval in Hoffman v. Screen Actors Guild–Producers Pension Plan*, 571 F. App'x 588, 591 (9th Cir. 2014) ("[ALJs] must be careful not to succumb to the temptation to play doctor. . . . The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (internal citations omitted). The ALJ's reasoning here was thus not supported by substantial evidence.

The ALJ further rejected Plaintiff's testimony because she retained the ability to drive under some circumstances, and shop online. Tr. 8. The ALJ erred. Plaintiff testified she only drives "when I absolutely necessarily have to." Tr. 36. She does not drive in the rain or at night.

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1   Tr. 36.  That Plaintiff drives at all suggests her visual limitations are not all-encompassing, but

2   the record does not contain adequate evidence to contradict Plaintiff's testimony as to the extent

3   of her vision impairment.

4       Similarly, the fact Plaintiff shops online says little about her level of functioning.

5   Plaintiff testified she shops for groceries online, but also testified she uses a large print keyboard,

6   and she gets letters and numbers mixed up.  Tr. 39, 41.  Plaintiff "does not need to be 'utterly

7   incapacitated' in order to be disabled."  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)

8   (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

9       The Court concludes the ALJ failed to provide clear and convincing reasons to reject

10  Plaintiff's testimony, and accordingly erred.

11      **B.** **Visual Limitations and Absenteeism in the RFC**

12      Plaintiff contends the ALJ erred by failing to account for her visual limitations and

13  absenteeism in the RFC.  Dkt. 16 at 3–13.  Because the Court has found the ALJ erred in

14  rejecting Plaintiff's testimony, the ALJ necessarily erred in assessing Plaintiff's RFC.  *See Bray*

15  *v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("If an ALJ's hypothetical

16  [to the vocational expert] does not reflect all of the claimant's limitations, then 'the expert's

17  testimony has no evidentiary value to support a finding that the claimant can perform jobs in the

18  national economy.'") (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).

19      Plaintiff raises several other issues in support of her contention that the RFC was

20  erroneous.  Plaintiff contends the ALJ erred in relying on opinions from Randal Reid, M.D., and

21  C. Scott, M.D., in formulating the RFC.  Dr. Reid reviewed Plaintiff's records as part of the

22  initial determination of her claims.  Tr. 56–62.  Dr. Reid did not have any of the records from

23  Medical Consultants of Southern California, the providers who treated Plaintiff's vision

problems. *See* Tr. 56–58. Dr. Reid opined Plaintiff had no visual limitations. Tr. 62. Dr. Scott evaluated Plaintiff's records as part of the reconsideration determination of her claims. Tr. 67–73. Dr. Scott had some records from Medical Consultants of Southern California, but discussed only a single visit, from June 18, 2019. Tr. 71. Dr. Scott also opined Plaintiff had no visual limitations. Tr. 73.

The ALJ erred in relying on these two opinions regarding Plaintiff's vision to formulate the RFC because they are not supported by substantial evidence. Dr. Reid did not have the opportunity to review the records relating to Plaintiff's visual impairments, and Dr. Scott appears to have reviewed very few of those records. Their opinions were not based on substantial evidence, and thus could not support the ALJ's RFC finding.

Furthermore, the ALJ did not even fully rely on these doctors' opinions, as she limited Plaintiff's exposure to hazards "to address the allegations of episodic visual floaters and blurry vision." Tr. 21. The ALJ did not explain—and the evidence does not reveal—how Plaintiff could be visually impaired to the point that she could not be around heights or moving machinery, but could work with small items and read. The ALJ's RFC finding was therefore not supported by substantial evidence.

Plaintiff further argues the ALJ erred by not calling a medical expert to interpret Plaintiff's vision records. Based on the record before the Court, it does appear an expert is necessary to interpret the medical data related to Plaintiff's visual functioning. Because the ALJ must reassess Plaintiff's RFC on remand and the record may be supplemented, however, the Court does not decide whether the ALJ must appoint a medical expert on remand. The ALJ may not rely on lay interpretations of that data in formulating the RFC, and should call a medical expert as necessary to determine Plaintiff's visual functioning.

Plaintiff last argues the ALJ erred by failing to account for her absenteeism due to medical appointments in the RFC.  The frequency of Plaintiff's medical appointments, standing alone, does not establish a disabling impairment.  *See Goodman v. Berryhill*, No. C17-5115-BAT, 2017 WL 4265685, at *2–3 (W.D. Wash. Sept. 25, 2017, *aff'd*, 741 F. App'x 530 (9th Cir. 2018).  The ALJ should, of course, consider this evidence in combination with the rest of the record on remand to determine whether any additional limitations should be included in the RFC.

**C.     Past Relevant Work**

Plaintiff contends the ALJ erred in finding she could perform past work because the jobs identified did not account for her visual limitations.  Dkt. 16 at 13–16.  Because the Court has found the ALJ erred in formulating the RFC, the vocational expert's testimony that Plaintiff could perform her past work has no evidentiary value.  *See Bray*, 554 F.3d at 1228.  The ALJ's step four finding was therefore not supported by substantial evidence.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate Plaintiff's testimony regarding the severity of her impairments, reevaluate the medical evidence, including the opinions of Dr. Reid and Dr. Scott, develop the record as needed, and reassess Plaintiff's RFC.  The ALJ may develop the record including appointing a medical expert as necessary to reevaluate the medical evidence regarding Plaintiff's visual limitations.  The ALJ shall reevaluate all relevant steps of the disability evaluation process.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

DATED this 10th day of February, 2022.

*BT*

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 7